Bruce J. Castleton   ISB No. 6915
CASTLETON LAW PLLC
10400 Overland Road #238
Boise, ID   83709
Telephone No. (208) 629-4590
Facsimile No. (208) 509-4814
Email: bruce@castletonlegal.com

*Attorney for City of Caldwell, City of Nampa,*
*Rex Ingram and Joe Huff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUANA RODRIGUEZ, *on behalf of herself and her minor child* Y.R.; X.Z., *on behalf of himself and his minor child* Y.Z.; IVAN POPOCA, *on behalf of himself and his minor children* E.I.P. and A.S. P.; *and on behalf of all others similarly situate*d,<br><br>          Plaintiffs,<br><br>vs.<br><br>KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office, *in his individual capacity*; ROBERT BOHLS, Special Agent in Charge of the Salt Lake City Office of the Federal Bureau of Investigation, *in his individual capacity*, CHRIS SHEEHAN Supervisory Special Agent of the Federal Bureau of Investigation's Boise Resident Agency, *in his individual capacity*; JAKE SHERIDAN, Special Agent of the Federal Bureau of Investigation, *in his individual capacity*; KIERAN DONAHUE, Canyon County Sheriff, *in his individual capacity*; REX INGRAM, Chief of the Caldwell Police Department, *in his individual capacity*; | Case No. 1:26-cv-00075-AKB<br><br>**DEFENDANTS CITY OF CALDWELL, CITY OF NAMPA, REX INGRAM AND JOE HUFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. RULE 12(b)(6)** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS -  1.**

JOE HUFF, Chief of the Nampa Police Department, *in his individual capacity*; BILL GARDINER, Director of the Idaho State Police, *in his individual capacity*; CANYON COUNTY; CITY OF CALDWELL; CITY OF NAMPA; and JOHN DOES 1-20, *in their individual capacities,*

    Defendants.

COME NOW Defendants City of Caldwell, City of Nampa, Rex Ingram, and Joe Huff (collectively, the "City Defendants"), by and through their attorneys of record, and hereby submit their Memorandum in Support of Motion to Dismiss, and respectfully request that this Court dismiss Plaintiffs' Complaint as to them under Federal Rule of Civil Procedure 12(b)(6).

## I.   INTRODUCTION

This case originates from the execution of a federal search warrant related to an alleged illegal gambling operation being conducted at a horserace track. Plaintiffs allege that the City of Caldwell, the City of Nampa, Chief Rex Ingram, and Chief Joe Huff participated in the execution of the search warrant by providing personnel, including tactical officers, to assist with scene security and the detention of persons present while the warrant was executed.

Plaintiffs assert claims for conspiracy to conduct unreasonable seizures under the Fourth Amendment, conspiracy to deny equal protection, conspiracy to deprive equal protection, failure to prevent deprivation of equal protection, unreasonable seizure, and deprivation of equal protection. The Complaint also attempts to impose municipal liability on the City of Caldwell and the City of Nampa based on conclusory allegations that Chiefs Ingram and Huff were final policymakers whose alleged actions constituted municipal policy.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 2.**

The Complaint should be dismissed as to the City Defendants. First, Plaintiffs do not plead nonconclusory facts showing that Chiefs Ingram or Huff personally violated, conspired to violate, or failed to prevent violation of any clearly established constitutional right. The Complaint alleges, at most, that Caldwell Police Department and Nampa Police Department personnel participated in a multi-agency operation to execute a federal search warrant at premises where Plaintiffs acknowledge an alleged illegal gambling operation was under investigation. Under settled Fourth Amendment principles, officers may detain occupants of premises while a search warrant is executed and may take reasonable steps to maintain scene security.

Second, Plaintiffs' equal-protection and civil-rights-conspiracy claims rest on group pleading, speculation, and conclusory assertions of discriminatory purpose. The Complaint does not allege facts showing that Chiefs Ingram or Huff agreed to target Plaintiffs because of Latino ethnicity, nor does it identify similarly situated persons who were treated differently by either Chief or either City.

Third, the municipal claims against the City of Caldwell and City of Nampa fail under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiffs do not identify a formal City policy, longstanding custom, or adequately pleaded policymaker decision that caused a constitutional violation. Nor do they plead facts showing ratification by the Cities. The Complaint attempts to transform alleged participation in a single joint law-enforcement operation into municipal liability, which *Monell* does not permit.

Fourth, Defendants Ingram and Huff are entitled to qualified immunity where the Complaint does not allege facts showing a planned or executed violation of clearly established constitutional rights which a reasonable person would have known.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 3.**

Finally, the Complaint relies heavily on undifferentiated allegations against "Defendants," "State Defendants," and "officers from Defendants' agencies." That form of group pleading does not give each City Defendant fair notice of what he or it allegedly did, and it is particularly insufficient where the Complaint names numerous federal, state, county, municipal, and Doe defendants allegedly involved in a large multi-agency operation.

For these reasons, the Complaint should be dismissed as to the City Defendants.

## II.   ARGUMENT

### A.   Dismissal Is Proper Because Plaintiffs Have Alleged Conclusions, Which Are Not Entitled to an Assumption of Truth.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). A complaint is not sufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. A court considering a Rule 12 motion may therefore begin by identifying allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

Qualified immunity applies at the pleading stage where the allegations do not make out a violation of a constitutional right or where the right was not clearly established at the time of the challenged conduct. The doctrine protects officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Existing precedent must place the constitutional question "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 4.**

(2011). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015) (quotation marks omitted).

Here, Plaintiffs' nonconclusory allegations do not establish a plausible claim for relief against Chiefs Ingram or Huff, much less a violation of clearly established law. Nor do Plaintiffs allege facts sufficient to impose municipal liability on the City of Caldwell or the City of Nampa.

### B. Claims That Chiefs Ingram and Huff Violated or Conspired to Violate Clearly Established Fourth Amendment Rights Must Be Dismissed.

Plaintiffs' Fourth Amendment theory is that the City Defendants helped plan and carry out an automatic mass detention that was not justified by the search warrant and was not supported by reasonable suspicion. But the Complaint's own allegations show that the operation was the execution of a search warrant related to an alleged illegal gambling operation at La Catedral. Plaintiffs allege that federal authorities had obtained a search warrant; that arrest warrants had been issued for individuals allegedly involved in unlicensed gambling at La Catedral; that the alleged owner of the La Catedral property was one of the targets; and that the alleged gambling involved bets placed at the racetrack.

Those allegations do not establish that Chiefs Ingram or Huff violated clearly established Fourth Amendment law. A temporary detention may be justified by reasonable suspicion where officers have a particularized and objective basis for suspecting criminal activity. *See United States v. Cortez*, 449 U.S. 411, 417 (1981). In addition, when officers execute a lawful search warrant, the warrant "implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705 (1981). The Supreme Court has applied that rule to uphold detention in handcuffs for the length of a search and

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 5.**

has held that questioning about immigration status does not, by itself, create a Fourth Amendment violation. *Muehler v. Mena*, 544 U.S. 93 (2005).

The Complaint does not allege facts showing that every reasonable chief of police in Chiefs Ingram's and Huff's positions would have understood that participation in a joint operation to execute a federal search warrant at an alleged illegal gambling venue violated the Fourth Amendment. Plaintiffs' allegations that the detention was "automatic," "prolonged," "burdensome," and "not permitted" are legal conclusions. They do not establish that Chiefs Ingram or Huff personally violated the Fourth Amendment, much less that the alleged violation was clearly established beyond debate.

### 1. The Complaint Does Not Plausibly Allege That the Initial Detention Was Unconstitutional as to Chiefs Ingram or Huff.

Plaintiffs acknowledge that the investigation concerned alleged unlicensed gambling at La Catedral, that federal warrants had issued, and that the alleged gambling was conducted at the racetrack. Under the totality of those allegations, the temporary detention of persons present at the premises during execution of a search warrant was not clearly unconstitutional. See *Summers*, 452 U.S. at 705; *Mena*, 544 U.S. at 98-100.

Plaintiffs allege that the search warrant concerned a non-violent gambling investigation and that attendees could have been dispersed. But the Fourth Amendment does not clearly require officers executing a warrant at the site of an alleged ongoing gambling operation to disperse all attendees rather than detain them during the search. Nor does the non-violent nature of the suspected offense alone render a detention incident to a warrant unconstitutional. Plaintiffs' disagreement with the tactical choice to detain rather than disperse does not plead a clearly established constitutional violation.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 6.**

The allegations specific to Chiefs Ingram and Huff are especially thin. The Complaint alleges that they participate in the Treasure Valley Task Force, are responsible for their departments, and were involved in planning and/or executing the Raid. Those assertions do not identify what Chief Ingram or Chief Huff personally ordered, knew, said, or did that make the initial detention unconstitutional.

### 2. The Complaint Does Not Plausibly Allege That the Length of Detention Violated Clearly Established Law.

An investigative detention may become unlawful if unreasonably prolonged, but the Supreme Court has declined to impose a rigid time limit. *United States v. Sharpe*, 470 U.S. 675, 685-86 (1985). Detention for the duration of a search may be reasonable under *Summers* and *Mena*.

Plaintiffs allege a detention of approximately four hours involving roughly 400 attendees and approximately 200 officers who were simultaneously providing security, executing a warrant, and processing individuals present on the premises. The Complaint does not allege facts showing that the detention exceeded the duration of the search or that Chiefs Ingram or Huff personally prolonged any Plaintiffs' detention beyond what the operation required. Nor does it identify clearly established authority holding that a four-hour detention in these circumstances is categorically unconstitutional.

### 3. The Complaint Does Not Plausibly Allege That Zip-Ties or Scene-Security Measures Defeat Qualified Immunity.

Plaintiffs allege that officers used zip-ties and that many attendees were restrained. But reasonable safety precautions, including handcuffs, do not automatically convert a detention into an unconstitutional seizure. *Mena*, 544 U.S. at 99-100. The Complaint does not allege facts showing that either Chief Ingram or Chief Huff personally zip-tied any Plaintiff, directed that any

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 7.**

specific Plaintiff be restrained in an unconstitutional manner, or knew of and disregarded an unconstitutional use of restraints. General allegations that officers from "Defendants' agencies" used zip-ties are not enough to state a claim against either Chief.

### 4. The Complaint Does Not Plausibly Allege a Fourth Amendment Claim Based on Other Alleged Conditions of Detention.

Plaintiffs also allege denial of food, water, bathroom access, medical care, and other alleged burdens. Those allegations are serious, but the Complaint does not connect them to Chiefs Ingram or Huff with facts showing personal participation, direction, knowledge, or failure to intervene in the face of a clearly established constitutional violation. The Complaint instead alleges that "officers from Defendants' agencies" or "law enforcement" engaged in various conduct. That is insufficient to impose individual liability on Chiefs Ingram and Huff or municipal liability on the Cities.

Accordingly, Counts One and Five should be dismissed as to the City Defendants.

### C. Claims That Chiefs Ingram and Huff Violated, Conspired to Violate, or Failed to Prevent Violation of Equal Protection Rights Must Be Dismissed.

The Equal Protection Clause requires that similarly situated persons be treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). A plaintiff alleging an equal-protection violation must plead facts showing both discriminatory effect and discriminatory purpose. *Wayte v. United States*, 470 U.S. 598, 608 (1985).

Plaintiffs do not adequately plead either element against Chiefs Ingram or Huff. The Complaint alleges that the crowd at La Catedral was mostly Latino and that some officers used racial epithets or treated some Latino-appearing persons differently. But the Complaint does not allege that either Chief Ingram or Chief Huff made any racially discriminatory statement,

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 8.**

personally treated any Plaintiff differently because of ethnicity, ordered such treatment, or agreed with anyone to do so.

Nor does the Complaint identify a similarly situated control group treated differently by the City Defendants. Plaintiffs do not allege, for example, that Caldwell or Nampa officers released non-Latino persons while detaining Latino persons, or that either City would refuse to assist with a comparable federal search warrant unless the expected attendees were Latino. The Complaint's allegations about immigration status do not substitute for a properly pleaded ethnicity-based equal-protection claim.

The allegations of discriminatory purpose are likewise conclusory. Plaintiffs allege that Defendants targeted La Catedral because it was a Latino community event and because they anticipated encountering persons without lawful immigration status. But as to Chiefs Ingram and Huff, those allegations are pleaded on information and belief and through group allegations. The Complaint does not plead specific facts showing that either Chief selected or reaffirmed a course of action because of its adverse effect on Latino persons rather than because a federal warrant was being executed at the premises.

Plaintiffs' Section 1985(3) and Section 1986 claims fail for the same reason. A civil-rights conspiracy claim requires more than parallel participation in a joint law-enforcement operation. Plaintiffs must plead facts supporting a plausible agreement and overt acts by the particular defendants in furtherance of an unlawful objective. The Complaint's assertions that Chiefs Ingram and Huff participated in a Task Force, attended or were represented at planning meetings, and had personnel at the Raid do not plausibly allege that either entered an agreement to deprive Plaintiffs of equal protection because of ethnicity.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 9.**

The Section 1986 claim necessarily fails absent a viable Section 1985(3) claim. It also fails independently because Plaintiffs do not allege facts showing that Chiefs Ingram or Huff knew of a Section 1985 conspiracy and had a realistic opportunity to prevent it. Allegations that Defendants "could have intervened" are legal conclusions unsupported by specific facts as to either Chief. Accordingly, Counts Two, Three, Four, and Six should be dismissed as to the City Defendants.

### D. The City of Caldwell and City of Nampa Must Be Dismissed Because Plaintiffs Have Not Plausibly Alleged Municipal Liability.

Local governments may be sued under 42 U.S.C. § 1983 only when the alleged constitutional injury was caused by an official policy, custom, or decision attributable to the municipality. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). A municipality may not be held liable under a theory of respondeat superior. Id. at 691.

Municipal liability generally requires a plaintiff to plead facts showing that: (1) an employee committed the alleged constitutional violation pursuant to a formal policy or longstanding custom; (2) the individual who committed the constitutional violation was an official with final policymaking authority and the challenged action itself constituted official policy; or (3) an official with final policymaking authority ratified a subordinate's unconstitutional decision and the basis for it. *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). Ratification requires more than acquiescence or failure to overrule; it requires approval of the subordinate's decision and the basis for it. Id. at 1348.

Plaintiffs have not plausibly alleged municipal liability against either City.

### 1. Plaintiffs Do Not Identify a Formal Policy or Longstanding Custom

The Complaint does not identify any formal policy of the City of Caldwell or the City of Nampa requiring unconstitutional detentions, ethnicity-based enforcement, immigration-status

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 10.**

screening, or participation in allegedly unlawful warrant executions. Nor does it plead a longstanding, persistent, and widespread custom of either City.

To the contrary, Plaintiffs allege that the La Catedral Raid was atypical and without precedent in recent Idaho history. Allegations about a single multi-agency operation cannot, without more, plead a longstanding municipal custom or practice.

### 2. Plaintiffs Do Not Plausibly Allege an Official Policymaker Decision Causing a Constitutional Violation

Plaintiffs allege that Chiefs Ingram and Huff are final policymakers for the City of Caldwell and City of Nampa, respectively, and that their intentional acts were the moving force behind the alleged deprivation of rights. But the Complaint does not plead facts showing what final policy decision either Chief made.

As to Chief Ingram, the Complaint alleges that he participated in the Treasure Valley Task Force, was involved in planning and/or executing the Raid, issued public statements after the Raid, and described the investigation in terms Plaintiffs dispute. As to Chief Huff, the Complaint alleges even less: that he participated in the Task Force, that Nampa PD personnel participated in the Raid, and that he was included on post-Raid emails.

Those allegations do not plausibly establish that either Chief made a deliberate municipal policy choice to violate Plaintiffs' constitutional rights. At most, they allege departmental participation in a joint federal, state, county, and municipal operation to execute a federal search warrant. That is not enough under *Monell*.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 11.**

### 3.  Plaintiffs Do Not Plausibly Allege Ratification

Plaintiffs allege that Chiefs Ingram and Huff ratified the Raid after the fact. But the Complaint does not allege facts showing that either Chief approved a subordinate's unconstitutional decision and the basis for it. *Gillette*, 979 F.2d at 1348.

Post-operation statements thanking participants, defending a law-enforcement operation, or disagreeing with public characterizations of the operation do not amount to municipal ratification of unconstitutional conduct. The Complaint identifies no subordinate decision by Caldwell PD or Nampa PD, no unconstitutional basis for such a decision, and no facts showing that either City's final policymaker adopted that basis as City policy.

### 4.  Plaintiffs Do Not Plausibly Allege Causation

Municipal liability requires that the municipal policy, custom, or policymaker decision be the moving force behind the alleged constitutional injury. The Complaint does not allege facts showing that a City of Caldwell or City of Nampa policy caused Plaintiffs' detention, processing, alleged immigration questioning, or alleged mistreatment. Plaintiffs instead describe a joint operation involving federal agencies, ICE, FBI, ISP, Canyon County, Caldwell PD, Nampa PD, and Doe defendants. The Complaint does not separate the alleged conduct of the Cities from that of the many other actors, and therefore does not plausibly allege municipal causation.

The City of Caldwell and City of Nampa should be dismissed.

### E.  Alternatively, the Complaint Gives Insufficient Notice Because It Relies on Improper Group Pleading.

Federal Rule of Civil Procedure 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule requires fair notice

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 12.**

of what each defendant allegedly did and the grounds on which the claim rests. *Twombly*, 550 U.S. at 555.

The Complaint names numerous federal, state, county, municipal, and Doe defendants. It then repeatedly attributes conduct to "Defendants," "State Defendants," "officers," "law enforcement," or "officers from Defendants' agencies." That form of pleading does not tell the City of Caldwell, City of Nampa, Chief Ingram, or Chief Huff what specific conduct each must defend.

This problem is especially acute for Chiefs Ingram and Huff. The Complaint does not allege that either Chief personally zip-tied any Plaintiff, denied water, denied bathroom access, used force, searched anyone, moved anyone to the ICE Tent, questioned anyone about immigration status, or used any racial epithet. The Complaint instead attempts to impose liability through generalized allegations that their agencies participated in the operation. That is not adequate notice under Rule 8.

The same problem applies to the Cities. Plaintiffs do not identify which alleged acts were committed by Caldwell PD officers, which by Nampa PD officers, which by federal agents, which by ISP, which by Canyon County, and which by Doe defendants. Without allegations connecting specific conduct to specific defendants, the City Defendants cannot fairly respond.

The Complaint should therefore be dismissed as to the City Defendants, or, at minimum, Plaintiffs should be required to replead with specific allegations identifying what each City Defendant allegedly did.

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 13.**

### III.  <u>CONCLUSION</u>

Because the Complaint does not contain sufficient factual allegations, accepted as true, to state a claim to relief that is plausible on its face against the City of Caldwell, City of Nampa, Rex Ingram, or Joe Huff, the City Defendants respectfully request that the Court dismiss the Complaint as to them. Alternatively, the Court should dismiss the Complaint for lack of fair notice and require Plaintiffs to replead specific allegations identifying what each City Defendant allegedly did.

DATED this 23rd day of June, 2026.

CASTLETON LAW PLLC

By /s/ *Bruce J. Castleton*
    Bruce J. Castleton, Of the Firm
    Attorney for Defendants City of Caldwell, City of
    Nampa, Ingram and Huff

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS -  14.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of June, 2026, I electronically filed the foregoing using the ECF/CM system which sent a Notice of Electronic Filing to the following persons:

Jenn Rolnick Borchetta * *pro hac vice*          jborchetta@aclu.org
Allison Frankel * *pro hac vice*                 afrankel@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004
*Attorneys for Plaintiffs*

Jorge Castillo * *pro hac vice*                  jorgecastillo@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St NW
Washington , D.C.   20005
*Attorney for Plaintiffs*

Emma Andersson * *pro hac vice*                  eandersson@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
New York, NY 10004
*Attorney for Plaintiffs*

Paul Southwick                                   psouthwick@acluidaho.org
Emily Croston                                    ecroston@acluidaho.org
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID   83701
*Attorney for Plaintiffs*

Wendy J. Olson                                   wendy.olson@stoel.com
STOEL RIVES LLP
101 S. Capitol Blvd., Suite 1900
Boise, ID. 83702
*Attorney for Plaintiffs*

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS -  15.**

Connor J. Hackert                          connor.hackert@usdoj.gov
Jonathan D. Guynn
Paul E. Werner
Reginald M. Skinner
Brett A. Shumate
Juliana M. Barrett
Paul C. Quast
U.S. DEPARTMENT OF JUSTICE
TORTS BRANCH, CIVIL DIVISION
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-71467
*Attorneys for Defendants Porter, Bohls,*
*Sheehan and Sheridan*


Aaron Bazzoli                              pacivilmail@canyoncounty.id.gov
Christopher D. Boyd
Benjamin Cramer
CANYON COUNTY PROSECUTING
ATTORNEY
1115 Albany Street
Caldwell, ID 83605
*Attorneys for Defendants Donahue and*
*Canyon County*


Raul R. Labrador                           james.craig@ag.idaho.gov
James E.M. Craig                           greg.woodard@ag.idaho.gov
Gregory E. Woodard
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 83720
Boise, ID 83720-0010
*Attorneys for Defendant Bill Gardiner*



                                    */s/ Bruce J. Castleton*
                                    BRUCE J. CASTLETON



**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS -  16.**